## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 06 2020, 7:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Amy D. Griner | Curtis T. Hill, Jr. |
| Mishawaka, Indiana | Attorney General of Indiana |
| | |
| | Samantha M. Sumcad |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| K.M., | February 6, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-JV-1340 |
| v. | Appeal from the St. Joseph Probate Court |
| State of Indiana, | The Honorable Jason Cichowicz, Judge |
| *Appellee-Petitioner.* | The Honorable Graham Polando, Magistrate |
| | Trial Court Cause No. 71J01-1711-JD-396 |

**Bradford, Chief Judge.**

# Case Summary

[1]     In October of 2017, K.M. committed what would be Level 4 felony burglary if committed by an adult. In April of 2019, after multiple less-restrictive placements were unsuccessful, the juvenile court placed K.M. in the Indiana Department of Correction ("DOC"). K.M. contends that the juvenile court abused its discretion by placing him in the DOC. We affirm.

# Facts and Procedural History

[2]     On October 30, 2017, a South Bend resident witnessed three males, one being K.M., attempting to kick in the doors of a neighboring residence. After receiving a dispatch, police arrived at the residence and found the back door forcibly opened and a window broken. The residence was ransacked, with multiple items of the homeowner's property strewn outside the residence. On November 13, 2017, the State filed a delinquency petition against K.M., alleging that he had committed what would be Level 4 felony burglary if committed by an adult. At the initial hearing, K.M. admitted to the burglary, and the juvenile court placed him on strict probation with sixty days to be served on home detention.

[3]     In May of 2018, the juvenile court ordered that K.M. be placed at Lakeside Academy, a residential-program facility, after he tested positive for marijuana twice and left home without permission twice. In October of 2018, K.M. left Lakeside Academy without permission, but upon his return, was given a second

opportunity to complete the program. In December of 2018, the juvenile court placed K.M. at Rite of Passage DePaul Academy ("Rite of Passage"), after K.M. falsely reported that he was being assaulted at Lakeside Academy. On April 26, 2019, the juvenile court ordered that K.M. be placed in the DOC after he refused to participate in the residential program at Rite of Passage.

[4] On May 21, 2019, K.M. requested the appointment of counsel in order to initiate an appeal of the juvenile court's order modifying his placement. On May 30, 2019, K.M., through counsel, moved for permission to file a belated appeal pursuant to Indiana Post-Conviction Rule 2, which motion was denied by the juvenile court. On June 6, 2019, K.M. again moved for permission to file a belated appeal pursuant to Indiana Trial Rule 60, which motion was denied by the juvenile court.

# Discussion and Decision

[5] At the outset, we choose to address K.M.'s claim on the merits despite the fact that he has not been permitted to file a belated notice of appeal, generally a prerequisite to pursuing an appeal in this court.[1] Proceeding to those merits, K.M. contends that the juvenile court abused its discretion by placing him in the DOC.

---

[1] Indiana Appellate Rule 1 provides that "The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules."

> The specific disposition of a delinquent is within the juvenile court's discretion, to be guided by the following considerations: the safety of the community, the best interests of the child, the least restrictive alternative, family autonomy and life, freedom of the child, and the freedom and participation of the parent, guardian, or custodian. We reverse only for an abuse of discretion, namely a decision that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (internal citations and quotations omitted).

[6] Many placements less restrictive than the DOC have been tried, but none have caused K.M. to reform himself. K.M. has been placed on strict probation, home detention, and in two different residential placements, all to no avail. While on home detention and at Lakeside Academy, K.M. left the placements without permission. K.M. also falsely claimed to have been assaulted while at Lakeside Academy. While residing at Rite of Passage, K.M. made clear that he had no intentions of taking the program seriously stating, "I am tired of this place, can I just go home already, this place is soft. I'd rather go to county, and pay a bond and bail out." Appellant's App. Vol. II p. 217. Moreover, both the probation department and the staff at Rite of Passage believe that K.M.'s continuous failure to cooperate with probation services and disregard for the guidelines set forth by the residential programs warrants correctional placement. Given the numerous, less-restrictive placement opportunities and K.M.'s failure to abide by the guidelines of those placements, we agree that the more structured

environment of the DOC is warranted. K.M. has failed to establish that the juvenile court abused its discretion.

[7] The judgment of the juvenile court is affirmed.

Robb, J., and Altice, J., concur.